IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TAMARA CHAMBERLIN, | ) | |
| | ) | |
| Plaintiff, | ) | 7:10CV5011 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| CABLE USA, III LLC, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff's employment discrimination complaint, which seeks recovery under Nebraska employment law, was removed to this court from the District Court of Buffalo County, Nebraska. After reviewing the complaint, and the holding in Brocksmith v. Duncan Aviation, 2010 WL 3342231, 1 (D. Neb. August 23, 2010), the undersigned magistrate judge issued an order raising the question of whether subject matter jurisdiction is lacking. Filing No. 10. Although the plaintiff's initial choice of forum was state court, she apparently now agrees to pursue her case in federal court. To that end, rather than filing a motion to remand, the plaintiff has agreed to file an amended complaint "to more clearly include a claim under Title VII." Filing No. 11.

A telephonic conference was held on October 15, 2010. During that call, the court expressed serious reservations over whether the parties can, by agreement, create federal question jurisdiction by stipulating that the plaintiff will amend the complaint to add a federal claim. In the interest of expediency, the parties were asked whether they wanted the issue to be submitted immediately by report and recommendation to the assigned district judge, with each side thereafter afforded an opportunity to brief the merits for the district judge's *de novo* review, or whether they wished to brief the issue to the undersigned magistrate judge before a report and recommendation was entered. The parties chose the latter option.

The defendant's brief apprised the court of the holding and analysis in In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 927-28 (8th Cir. 2005). As

In Re Wireless explained, "when a district court orders a party to amend its complaint, or when the decision to amend is otherwise involuntary, the question of proper removal must be answered by examining the original rather than the amended complaint." Id. However, if the plaintiff voluntarily amends her complaint to add a federal claim, the court can exercise federal question jurisdiction over the case even if it lacked jurisdiction over the complaint removed to this forum. Id. See also, Moffitt v. Residential Funding Co., LLC, 604 F.3d 156, 159 (4th Cir. 2010); Gentek Bldg Products, Inc. v. Steel Peel Litigation Trust, 491 F.3d 320 (6th Cir. 2007).

Based on the holding in In re Wireless, and assuming the plaintiff amends her complaint in accordance with the parties' stipulation, (filing no. 11), the court finds this case need not be remanded at this time for lack of subject matter jurisdiction.

Accordingly,

IT IS ORDERED:

1) The parties' joint stipulation, (filing no. 11), is granted, and on or before November 12, 2010, the plaintiff shall file her amended complaint in accordance with the terms of the parties' stipulation.

2) In accordance with the parties' Rule 26(f) Report, the final progression order is as follows:

   a. A jury trial is set to commence on **October 3, 2011**. No more than three days are allocated to the trial of this case and counsel shall plan accordingly. This case is subject to the prior trial of criminal cases and such other civil cases as may be scheduled for trial before this one.

   b. The pretrial conference will be held before the undersigned magistrate judge on **September 8, 2011 at 10:00 a.m**. One hour is allocated to this conference. Counsel shall email a draft pretrial conference order to zwart@ned.uscourts.gov, in either MS Word or WordPerfect format, by 5:00 p.m. on September 7, 2011, 2011, and the draft order shall conform to the requirements of the local rules.

   c. Mandatory disclosures shall be served by November 22, 2010.

d. Deadline to add parties or amend pleadings is November 30, 2010.

e. The deadline for disclosure of experts and, unless otherwise agreed, the deadline for the provision of expert reports is February 15, 2011.

f. The discovery and deposition deadline is May 1, 2011. Motions to compel discovery must be filed at least 15 days prior to the discovery and deposition deadline.

g. A telephonic conference with the court will be held on **May 19, 2011 at 1:00 p.m.** to discuss the status of case progression, trial location,[1] and potential settlement. Counsel for plaintiff shall place the call

h. The deadline for filing motions to dismiss, motions for summary judgment or motions to exclude expert testimony on *Daubert* and related grounds is June 1, 2011.

i. Motions in limine shall be filed five business days prior to trial. It is not the normal practice to hold hearings on motions in limine or to rule on them in advance. Counsel should plan accordingly.

j. The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

November 5, 2010.  BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[1] This case is currently set for trial in North Platte. The assigned district judge, Judge Kopf, is currently scheduled to preside over North Platte trials in the month of February for the years 2011 and 2012. Accordingly, trial location and/or judicial assignment will be re-addressed at the close of discovery.

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.